18983

Dewey H. LONG and James E. Long, d/b/a Long's Construction Company, Respondents, v. GIBBS AUTO WRECKING COMPANY, Inc., Appellant, and Derrell Boatwright, d/b/a Boatwright Motors, Respondent.

(171 S. E. (2d) 155)

*Messrs. Harris, Chance & McCracken,* of Augusta, *and
E. Pickens Rish,* of Lexington, *for Appellant, Gibbs Auto
Wrecking Company, Inc.,*

*Messrs. Jones, Long, Barfield & Bouknight,* of Lexington, *for Plaintiffs-Respondents,*

*H. V. Sandifer, Esq.,* of Lexington, *for Respondent, Boatwright Motors,*

November 12, 1969.

LEWIS, Justice.

This action for conversion of a 1960 Ford Falcon station wagon was brought against defendant Derrell Boatwright, as the bailee of the vehicle, and defendant Gibbs Auto Wrecking Company, Inc. whose agents subsequently removed the property from Boatwright's possession and sold it. Upon service of the complaint, Boatwright filed a cross-action against his codefendant Gibbs to recover expenses incurred

in attempting to regain possession of the station wagon. The trial resulted in a verdict in plaintiff's favor against Gibbs for $1,885.00, actual damages, and $2,615.00, punitive damages; and a verdict in the amount of $500.00 actual damages, against Gibbs in Boatwright's favor of the cross-action. Gibbs has filed exceptions which charge that there was no evidence to sustain either verdict, and therefore its timely motions for nonsuit and directed verdict should have been granted by the lower court. Alternatively, Gibbs contends that a new trial should have been granted because of alleged errors in the charge to the jury.

The first question to be decided is whether there was any evidence to support the verdict in plaintiffs' favor for actual and punitive damages. Although appellant Gibbs contends that its motion for nonsuit should have been granted, the exceptions to the refusal to grant a nonsuit "raise no distinct issues because we must consider all of the evidence in deciding whether the cases were properly submitted to the jury." *Guthke v. Morris*, 242 S. C. 56, 129 S. E. (2d) 732.

Plaintiffs, Dewey H. and James E. Long, owned a 1960 Ford Falcon station wagon which was used in connection with their construction business. The station wagon was involved in a collision on January 31, 1961. Following the collision and at plaintiffs' request, defendant Boatwright, who operated an automobile wrecker service, towed the station wagon to his place of business at Leesville, South Carolina, and stored it in a fenced area on the premises.

Defendant Gibbs was engaged in the business of salvaging automobiles for parts and had received, prior to the accident to plaintiffs' Falcon station wagon, an invitation from an insurance company to bid on a 1960 two-door Falcon automobile located at Boatwright's place of business. Shortly after plaintiffs' station wagon was placed on Boatwright's premises, an agent of Gibbs came to inspect the 1960 two-door Falcon pursuant to the invitation to bid thereon and, in the absence of Boatwright, was admitted by one of his

employees to the fenced area where the automobiles were kept. Although the agent of Gibbs had in his possession the written invitation to bid which contained a description of the vehicle, he inspected plaintiffs' Falcon station wagon instead of the described Falcon automobile and Gibbs submitted a successful bid for the two-door Falcon based upon such mistaken inspection.

After notification that it had submitted the successful bid on the two-door Falcon, an agent of Gibbs, in the absence of Boatwright, obtained the plaintiffs' station wagon from Boatwright's place of business, instead of the two-door Falcon actually purchased, and carried it to Gibbs' place of business at Augusta, Georgia. Neither at the time of inspection for bidding purposes nor when the station wagon was removed from the premises of Boatwright did the agent of Gibbs check the identity of the vehicle with the description on the written invitation to bid which, admittedly, was in his possession, but, according to his testimony, relied on a statement allegedly made by one of Boatwright's employees, since deceased, that the station wagon was the only Falcon on the premises.

When Boatwright returned to his place of business later on the same day that the station wagon was obtained by Gibbs, he discovered that the wrong vehicle had been taken. He immediately informed Gibbs by telephone of the mistake and thereafter made approximately four trips to the place of business of Gibbs at Augusta, Georgia, once in the company of one of the plaintiffs, in an attempt to recover the vehicle, offering to pick up the station wagon and return it to Leesville without expense to Gibbs. Despite the demands made and with knowledge that it belonged to plaintiffs, Gibbs refused to return the station wagon, subsequently sold it to a third party, and refused to account to the plaintiffs for its value.

> The foregoing testimony sustains a finding that after demand and knowledge that the station wagon was the property of plaintiffs, Gibbs sold it and ap-

propriated the proceeds to its own use. This constituted a conversion and rendered Gibbs liable.

Gibbs contends however that the evidence fails to support the amount awarded for actual damages or the verdict for punitive damages.

We have held that, as a general rule, the measure of damages for the conversion of personal property is the value of the property with interest thereon from the date of the conversation to the date of the trial. *Mims v. Bennett,* 160 S. C. 39, 158 S. E. 124, 78 A. L. R. 360. There was testimony that the station wagon had a value of $1475.00 at the time Gibbs sold it in February 1961. The jury was entitled to add interest to this amount at the legal rate of six (6) per cent to the date of trial, on July 27, 1966. The amount of the verdict for actual damages was within the range permitted by the foregoing testimony and was therefore supported by the record.

The verdict for punitive damages also finds ample support in the record. Assuming, as contended by Gibbs, that possession of the station wagon was obtained by it through mistake, the testimony shows that, in spite of full notice that it had the wrong automobile and repeated efforts by Boatwright to effect its return, Gibbs sold the vehicle to a third party and refused to account for its value. The testimony sustains a finding that Gibbs converted plaintiffs' station wagon with a conscious indifference to, or in reckless disregard of, plaintiffs' rights. Such conduct presents a case for punitive damages. *Parker v. General Motors Acceptance Corp.,* 204 S. C. 547, 30 S. E. (2d) 589, 153 A. L. R. 763.

The appellant Gibbs next contends that there was no evidence to sustain the verdict in Boatwright's favor in the cross-action. The exceptions which attempt to challenge the judgment on the cross-action present no issue for determination in this appeal. While Gibbs served notice of intention to appeal from the verdict in

plaintiff's favor, no notice of appeal was given from the verdict in Boatwright's favor on the cross-action. In the absence of notice of intention to appeal as required by Section 7-405 of the 1962 Code of Laws, this court has no jurisdiction to review the judgment entered on the cross-action.

The remaining questions concern appellant's alternative contention that errors were committed in the charge to the jury which entitled it to a new trial. The first charges error in the instructions relative to the measure of damages.

The station wagon, alleged to have been converted, was involved in a collision and was taken by appellant Gibbs a few days thereafter. Since Gibbs took the vehicle while it was in its wrecked condition, plaintiffs sought to establish their damages by introducing testimony as to the value of the property immediately before and after the collision. There was also testimony as to what it would cost to repair the station wagon.

After instructing the jury that the measure of actual damages was "the value of the property with interest thereon from the time of conversion up to the time of trial," the following instruction was given:

"As to the value of the motor vehicle, * * *, one of the methods for determining that: What was the value of the automobile before a collision, and what was the value of the automobile immediately after the collision. That's the standard which those things are generally judged by."

When the opportunity was given, objection was made to the foregoing instruction, following which the court again dealt with the measure of damages in the light of the objection and instructed the jury as follows:

"The general rule is that the measure of damages is the value of the property with interest thereon from the time of the conversion up to the trial, * * *. Now the property involved is an automobile. Now the question for the measure

of damages in this case would be: if the property were converted by the defendants, what was the value of the automobile at the time of conversion. And I merely told you that in considering an automobile, you consider its condition before the wreck and after the wreck. That's all I told you. The wreck, of course, had nothing to do with this case; just, what was the value of the automobile converted, if it was converted?"

When the entire charge on the measure of damages is considered, no prejudice could have resulted to appellant from the instruction in question.

Finally, it is contended that the trial judge erred in instructing the jury as to the adverse presumption that might be drawn from the failure of a litigant to call a material witness. The jury was instructed that "if a party fails to produce the testimony of an available witness or to explain his absence as a witness on a material issue, it may be inferred by the jury that his testimony, if presented, would be adverse to the party who fails to call the witness."

Only the application of the foregoing principle to the facts is questioned. It is contended that the explanation for the absence of the witness was legally sufficient and therefore the instruction should not have been given. The absent witness was John T. Gibbs, Jr., an officer, stockholder and agent of appellant. He was a material witness but was, according to the testimony, in Florida on business at the time of the trial. Although the testimony showed that the witness was out of the State, there was no showing that he could not have been present, especially in view of the fact that the parties had ample notice of the pending trial of the case. Under the circumstances, the charge was proper.

All exceptions are overruled and the judgment of the lower court is affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.