## 20850

Janet KING (Mrs. Sam M. King), Respondent, v. ALLSTATE IN-
SURANCE COMPANY, Appellant.

(251 S. E. (2d) 194)

260

*Ellis M. Johnston, II,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

January 10, 1979.

RHODES, Justice:

Respondent, Janet King, commenced this action against appellant, Allstate Insurance Company, after its agents authorized the sale of her insured vehicle without her consent.

On October 31, 1975, Mrs. King, the respondent herein, whose car was insured for collision coverage by Allstate, was involved in an accident and the car was immediately towed to a garage for storage pending repair. According to Mrs. King's testimony, the company made no effort to settle her claim even though she contacted the company on fifteen occasions during the ensuing four months.

In late February or early March 1976, respondent observed that her damaged vehicle had been removed from the storage facility where it had been lodged since the accident. She again notified Allstate requesting explanation and compensation. Upon receiving no satisfaction from the company, the respondent filed this action. Allstate concedes that it sold the vehicle on March 22, 1976, without the prior knowledge or consent of the insured but pled that the sale was made through inadvertence.

The jury found that Allstate's conduct in selling the car constituted conversion and awarded respondent $800 actual damages and $8,700 punitive damages. Allstate contends that the evidence fails to support the amount awarded for actual damages or the verdict for punitive damages. We affirm.

The measure of actual damages in an action for conversion of personal property is the value of the property with interest thereon from the date of conversion to the date of trial. *Long v. Gibbs Auto Wrecking Company*, 253 S. C. 370, 171 S. E. (2d) 155 (1969), *Mims v. Bennett*, 160 S. C. 39, 158 S. E. 124 (1931).

Mrs. King testified that her car was worth $800, although there was testimony from appellant's appraiser that the car was a total loss but had a pre-

collision value of $469. Allstate asserts these figures concern only the pre-accident value of respondent's automobile and provide no basis from which to calculate the car's value at the time of conversion.

While technically correct in this assertion, appellant has failed to take into account the contractual obligation of Allstate to restore the car to its pre-collision condition (namely a car worth $800 according to the testimony of Mrs. King) or to pay the actual cash value of the car. Therefore, it was respondent's damaged automobile with these attached unsatisfied rights that constituted the amount of actual damages sustained.

While Allstate contends that the present action is for conversion only, it is to be noted that the complaint alleges that Allstate is liable under the terms of its policy for the property damages sustained by the automobile in the collision and that such sum had not been paid. Another portion of the complaint alleges that Allstate had not fulfilled its obligations "under its aforementioned insurance policy." The insurance policy in question was the first exhibit placed into evidence by the plaintiff at the trial of the case. The prayer for damages in the complaint is general in nature and not confined to damages for conversion.

The policy right of Mrs. King to have her automobile restored by Allstate to its preaccident condition or to receive the actual cash value therefor was, thus, fully within the jury's knowledge. The finding by the jury of $800 actual damages is warranted when the aforementioned insurance coverage is considered in conjunction with Mrs. King's testimony as to the pre-accident value of the car. Under the unique posture of both the facts and the pleadings in this case, it is our view that there was sufficient evidence to warrant the jury's finding of $800 actual damages.

In light of our holding in this case that Mrs. King's rights under the policy were considered by the jury in assessing actual damages she will, of course, be

precluded from any further suit under her policy provisions for collision coverage involving subject automobile.

The appellant next contends that the trial judge committed error in failing to instruct the jury that it should assess actual damages based only on the value of the car at the time of conversion. The judge specifically failed to charge at what time the damages should be assessed. In view of the position we have taken with respect to including the contractual obligation of Allstate as a part of actual damages, this alleged error is rendered nonprejudicial.

Allstate also contends the trial court erred in failing to grant its motion for a directed verdict and judgment n. o. v. as to punitive damages. In *Cox v. Coleman,* 189 S. C. 218, 200 S. E. 762 (1939), we stated:

It is fundamental that punitive or vindictive damages can be awarded only in instances where there is something more than simple negligence or a technical conversion. There must be malice, ill will, a conscious indifference to the rights of others, or a reckless disregard thereof to justify an award of punitive damages.

The evidence in the light most favorable to the respondent shows that she contacted Allstate concerning her automobile on fifteen separate occasions over a period of four consecutive months which resulted in no response from Allstate recognizing any obligation to her. When the automobile was sold by Allstate without her knowledge or approval, its own records reflected that no settlement had been made with her. At the time of her trial, Mrs. King still had in her possession the South Carolina title for her automobile.

Viewing the evidence in totality, we cannot agree with appellant that Allstate's persistent disregard of respondent's rights in her personal property was a case of excusable error. Instead, Allstate's conduct manifested the conscious indif-

ference or reckless disregard of an individual's rights which justifies an award of punitive damages. *Cox v. Coleman, supra.* See also *Harris v. Burnside,* 261 S. C. 190, 199 S. E. (2d) 65 (1973).

Appellant's further exception contending that the verdict of the jury was prompted by passion, prejudice and caprice is without merit as is evident from the foregoing.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.