22197

Leroy WARD, Individually and Leroy Ward, Administrator of the Estate of Sarah W. Ward, Respondent, v. WARD FARMS, INC., Gerald W. Griffin, Audrey W. Griffin and Muyberry W. Edwards, Appellants.

(324 S. E. (2d) 63)

Supreme Court

*Marvin P. Jackson, Jr.,* Florence, *for appellants.*

*T. Kenneth Summerford,* Florence, *for respondent.*

Heard Nov. 14, 1984.

Decided Dec. 10, 1984.

GREGORY, Justice:

Respondent Leroy Ward brought this action to dissolve a family corporation. The special referee recommended dissolution. The trial judge adopted the referee's report and ordered a public sale of the corporate assets. This appeal followed. We affirm.

L. E. Ward died intestate in 1969. Subsequently, his widow, three children and grandson formed a corporation, Ward Farms, Inc., for the purpose of holding the family farm lands.

Sarah Ward died testate in 1978. Respondent is the executor of her estate. As such, he owns or controls 50% of the stock in Ward Farms, Inc.[1] Conflicts existed between Mrs. Ward and

---

[1] At oral argument, respondent stated that the Probate Court approved the estate remaining open until the corporate dissolution matter was resolved.

appellant Gerald Griffin prior to her death; however, since her death, conflict has centered between respondent and the remaining shareholders. This action was commenced alleging that the corporation was deadlocked, and further that corporate assets were being wasted. It was also alleged that the corporate purpose was fulfilled.

An action for corporate dissolution is in equity. Since the special referee and the trial judge below reached the conclusion that the corporation should be dissolved, the "Two Judge Rule" applies. "In an action in equity, tried first by the master or a special referee and concurred in by the judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence." *Townes Assoc. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The lower court found the corporation was deadlocked. Ample evidence supported this conclusion. Continuous disagreements and animosity existed between the shareholders. The corporation had never declared a dividend. Several lawsuits were instituted among the shareholders concerning the corporation. For example, respondent has been enjoined from entering the property despite his control of 50% of the corporate stock.

Section 33-21-150(a)(3) of the South Carolina Code of Laws (Cum. Supp. 1984) provides that dissolution may be ordered when it is found that the shareholders are so divided that "... (A) the corporation is suffering or will suffer irreparable injury, or (B) the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders."

The lower court also concluded that dissolution was proper due to waste of corporate assets under S. C. Code Ann. § 33-21-150(a)(5) (Cum. Supp. 1984). It was found that there were discrepancies in crop allotment rents and questionable procedures in the sale of timber. Furthermore, corporate owned buildings were not being rented and were in a state of disrepair.

Under the *Townes Assoc. Ltd.* standard, *supra*, the findings of shareholder deadlock and waste of corporate assets were not against the clear preponderance of the evidence; therefore, the lower court's order is affirmed.

Appellants claim that the lower court erred in not ordering an alternate remedy short of dissolution as provided by S. C. Code Ann. § 33-21-155 (Cum. Supp. 1984). The statute grants the trial court discretion to grant relief other than dissolution. This power, however, is *discretionary*. The lower court concluded that dissolution was proper under the circumstances. We can find no abuse of discretion; therefore, this exception is overruled.

The remaining issue raised by appellants concerns the estate of Sarah Ward. They contend respondent, as executor of the estate, holds certain corporate monies that were never used for Mrs. Ward's benefit. It is evident that the primary purpose of the corporation was to care for Sarah Ward during her life.

The lower court made no ruling as to whether respondent should be required to account for these funds and return them to the corporate treasury. Should it be found that such monies are held in the estate, they should be returned to the corporation prior to dissolution.

Therefore, the order of the trial judge is affirmed.

Affirmed.

LITTLEJOHN, C. J., NESS and CHANDLER, JJ., and CURTIS G. SHAW, as Acting Associate Justice, concur.