0338

John GREEN, Respondent, v. Fritz WAIDNER,
d/b/a Fritz Waidner Sports Cars, Inc., Appellant.

(324 S. E. (2d) 331)

Court of Appeals

*J. Reese Daniel,* Columbia, *for appellant.*

*Edgar S. Kneece,* Columbia, *for respondent.*

Heard Oct. 23, 1984.

Decided Dec. 14, 1984.

SHAW, Judge:

Respondent John Green brought this conversion action against appellant Fritz Waidner, the owner of a car repair business, for performing unauthorized repairs. The jury returned a verdict for $2500 for Green. We affirm.

When a jury verdict is appealed this Court can correct errors of law only; we will not disturb the jury's findings of fact unless a review of the record discloses no evidence reasonably supporting them. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976).

In 1975, Green bought a 1969 Rover for $2500. In 1977 Waidner towed the car to his shop to repair the brakes. Green testified to asking Waidner's shop manager to give him an estimate before performing any repairs. Waidner's shop did not give an estimate, performed the repairs, and charged Green $1116. Green testified when he complained he had paid only $2500 for the car, Waidner's manager stated he valued the repaired car at $3500. Green refused to pay and brought this action.

The trial court instructed the jury the measure of damages for conversion equals the value of the property with interest thereon. The court further instructed that only if the facts disclosed that Waidner acted wilfully, wantonly, recklessly or maliciously could it award the enhanced value of the car resulting from the repairs. The jury returned a verdict of $2500 for Green, the amount he had requested in his pleading. Waidner then moved for a new trial on the ground "the jury's verdict clearly exceeds the amount proven." The court denied this motion. Waidner's argument on appeal is the trial court erred in instructing on wilful conversion because Green pled and proved only "conversion."

Conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights." *Powell v. A. K. Brown Motor Co.*, 200 S. C. 75, 78, 20 S. E. (2d) 636, 637 (1942). In the case of an "innocent" conversion, where the

property is converted by mistake or under a bona fide belief or right (as in the case of an innocent purchaser for value), the measure of damages is the value of the property at the time and place of conversion. Restatement (Second) of Torts Section 929 (1981). The owner of the property is not entitled to any additions or enhancements made by the converter.

The measure of damages for a wilful and intentional ██ conversion, where the property is converted with knowledge of the owner's rights in the property, is the highest market value of the property with interest up to the time of trial, including any additional value due to additions or improvements made by the converter. *Industrial Welding Supplies, Inc. v. Atlas Vending Co.*, 276 S. C. 196, 277 S. E. (2d) 885 (1981); *Gregg v. Bank of Columbia,* 72 S. C. 458, 52 S. E. 195 (1905); Restatement (Second) of Torts Section 927 (1981); 1 Am. Jur. (2d) *Accession and Confusion* Section 29 (1962). Only if the owner seeks punitive damages must the evidence show that the conversion was done recklessly and with conscious indifference to the owner's rights. *Long v. Gibbs Auto Wrecking Co.*, 253 S. C. 370, 171 S. E. (2d) 155 (1969); *Lumpkin v. Allstate Insurance Co.*, 251 S. C. 19, 159 S. E. (2d) 852 (1968). It was therefore error for the court to charge that Green must prove recklessness and wantonness in order to recover the value of the repairs.

Both the complaint and evidence in this case support a finding of a wilful and intentional conversion. The court was therefore required to instruct the jury that it could award Green the value of the car enhanced by the repairs made by Waidner unless Green himself limited his damages. Review of Green's complaint reveals that he prayed for damages "in the amount of the fair market value of [the] automobile at the time [it was] delivered ... to [Waidner] for a repair estimate, [and] for interest thereon. ..."

It is well settled that instructions should be confined ██ to issues raised by the pleadings and evidence, and an instruction which tenders an issue not raised is error. *Carolina Home Builders, Inc. v. Armstrong Furnace Co.*, 259 S. C. 346, 191 S. E. (2d) 774 (1972); *Mail Mart, Inc. v. Action Marketing Consultants, Inc.*, 281 S. C. 167, 314 S. E. (2d) 351 (S. C. App. 1984). The issue of recovery of the enhanced value of the car was not raised by Green in his pleading or evidence.

Consequently, the court's instruction on the issue was erroneous.

Erroneous instructions are grounds for reversal and a ██ new trial only when prejudicial to the complaining party. *Hall v. Palmetto Enterprises II, Inc. of Clinton,* S. C., 317 S. E. (2d) 140 (S. C. App. 1984). Under the proper instructions given, the jury could have reasonably found from the evidence that the value of the car at the time of its conversion was $2500. Green testified that when he purchased the seven-year old car for $2500, it was in immaculate condition and had 28,000 miles on it. The seller had asked $2750 to $2900 for the car. Green further testified that Waidner's mechanic valued the car at $3500 with repairs. While Waidner argues that the repair cost of $1116 must necessarily be deducted from the $3500 value, the jury could have reasonably found that the repairs did not increase the value of the car by $1116.

In *Draffin v. Chrysler Motor Corporation,* 252 S. C. 348, 166 S. E. (2d) 305 (1969), the Court held that although there was no direct testimony regarding the value of the automobile in its defective condition, evidence of the purchase price of the car, its defects, and its resale price was sufficient to enable the jury to arrive at the value of the automobile. The Court noted that most jurors, as average persons, are well informed about automobiles and are capable of evaluating the evidence bearing on value. *See also Durant v. Palmetto Chevrolet Company,* 241 S. C. 508, 129 S. E. (2d) 323 (1963).

Here, there is evidence from which the jury could have reasonably found that Green's car had a value of $2500 at the time it was converted by Waidner. Therefore, the additional and erroneous instruction regarding recovery of the enhanced value of the car was not prejudicial to Waidner.

For these reasons, the trial court's judgment is

Affirmed.

CURETON and GOOLSBY, JJ., concur.