608 S.E.2d 129

Arthur Elbert JORDAN, Jr., both Individually and as a Member of Winner's Circle South, L.L.C., Respondent,

v.

Lawrence Byerly HOLT, Jr., and Gordon Wayne Livingston, both Individually and as Members of Winner's Circle South, L.L.C.; and David Livingston, Third Party Plaintiffs, Petitioners,

v.

Brian Arthur Jordan, Third Party Defendant, Respondent.

No. 25921.

Supreme Court of South Carolina.

Heard Dec. 2, 2004.
Decided Jan. 10, 2005.

Henrietta U. Golding, of McNair Law Firm, of Myrtle Beach, for Petitioners.

James B. Richardson, Jr., of Richardson & Birdsong, of Columbia, and Richard M. Lovelace, Jr., of Conway, for Respondents.

Justice BURNETT:

We granted Dr. Lawrence Byerly Holt, Jr., Gordon Wayne Livingston, and David Livingston's (Petitioners') petition for certiorari to review the Court of Appeals' opinion in *Jordan v. Holt*, Op. No.2003–UP–277 (S.C. Ct.App. filed April 16, 2003) reversing the trial court's award of punitive damages against Dr. Arthur Elbert Jordan, Jr. and his son, Brian Jordan (Respondents). We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

In 1995, Dr. Jordan approached Dr. Holt and proposed they invest in a racing theme restaurant in Myrtle Beach, South Carolina. On September 11, 1995, the parties entered into a written agreement (Agreement) to form a limited liability company (LLC) known as Winner's Circle South. The initial members of the LLC were Dr. Jordan, Brian Jordan, Wayne Livingston, and Dr. Holt. The parties also executed an "Agreement to Lease" and a "Memorandum" setting forth the estimated construction cost for the project. Although the parties filed Articles of Organization on September 29, 1995, they never executed an operating agreement. The parties later agreed to operate in accordance with applicable South Carolina statutory law. Pursuant to the Agreement, Dr. Jordan held a 55 percent ownership interest, Brian Jordan a 10 percent interest, Dr. Holt a 25 percent interest, and Wayne Livingston a 10 percent interest.

Winner's Circle restaurant opened in November 1995 with Brian Jordan acting as general manager. In January 1996, Wayne Livingston transferred one-half of his interest to his son, David Livingston. Wayne Livingston's transfer of interest to his son created a voting majority among Wayne Livingston, David Livingston, and Dr. Holt. *See* S.C.Code Ann. § 33–44–404(a) (Supp.2003).

Dissension among the members developed when it became clear the venture was undercapitalized and constantly in need of additional operating capital. In June 1996, the relationship between the parties was irreparably damaged when Holt, Wayne Livingston, and David Livingston entered the restaurant to speak with Dr. Jordan. A verbal confrontation ensued between Brian Jordan's mother, who was helping with food preparation, and Wayne Livingston. The Jordans continued to operate the restaurant after the incident using personal and LLC funds. In 1997, the Jordans added 15 poker machines to the restaurant and began operating a business known as Competitive Marketing, which leased the additional machines from a third-party company.

The restaurant closed in July 1997. Dr. Jordan brought this action seeking dissolution of the LLC and an accounting. He also alleged causes of action for breach of fiduciary duty,

civil conspiracy, breach of written and oral contracts, and slander *per se.* Holt and Wayne Livingston filed counter-claims and a third party complaint against Brian Jordan. In addition to seeking dissolution of the LLC, they alleged causes of action for breach of fiduciary duty, misappropriation of assets, breach of contract, breach of the duties of good faith and fair dealing, fraud, negligent misrepresentation, and gross negligence.

Following a bench trial, the circuit court dissolved the LLC and awarded it a judgment of about $763,000 against Dr. Jordan and a judgment of $19,945 against Brian Jordan. Petitioners were awarded the difference between the amount of their initial contributions to the LLC and the amount each receives upon dissolution of the LLC. In addition, the circuit court awarded Petitioners punitive damages on their breach of fiduciary duty claim.

Respondents appealed only the punitive damages award. The Court of Appeals reversed the award, holding the facts and circumstances of the case did not warrant an award of punitive damages.

## ISSUE

Did the Court of Appeals err in reversing the trial court's punitive damages award on Petitioner's breach of fiduciary duty claim by applying the wrong standard of appellate review?

## DISCUSSION

Petitioners argue the Court of Appeals erred in using an equitable standard of review in determining punitive damages were not warranted and that, using the legal standard of review, the evidence supported an award of punitive damages. We agree.

In its opinion, the Court of Appeals noted the case present-ed two separate and distinct questions: (1) whether an action for dissolution of an LLC is equitable or legal; and (2) whether an action for breach of fiduciary duty, made in conjunction with an action for dissolution, is a legal claim for purposes of determining the remedies available. However,

the court concluded it was unnecessary to address these questions because the facts and circumstances of the case did not warrant punitive damages. *Jordan v. Holt, supra.*

 The Court of Appeals improperly found facts in accordance with its own view of the evidence. The Court of Appeals improperly blended Petitioners' breach of fiduciary duty and dissolution actions and reviewed the case under an equitable standard of review, despite its contention it need not determine the appropriate standard of review. The proper analysis is to view the actions separately for the purpose of determining the appropriate standard of review. *See Corley v. Ott,* 326 S.C. 89, 92, 485 S.E.2d 97, 99 (1997) (legal and equitable actions, when maintained in one suit, each retain their own identity for purposes of the applicable standard of review on appeal); *Future Group, II v. Nationsbank,* 324 S.C. 89, 478 S.E.2d 45 (1996). A corporate dissolution is an action in equity. *Ward v. Ward Farms, Inc.,* 283 S.C. 568, 324 S.E.2d 63 (1984). In an action in equity tried without a reference, the appellate court may find facts in accordance with its own view of the preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976). On the other hand, a claim of breach of fiduciary duty is an action at law and the trial judge's findings will be upheld unless without evidentiary support. *Future Group, II v. Nationsbank,* 324 S.C. 89, 478 S.E.2d 45 (1996). The trial court based its punitive damages award on Petitioners' cause of action for breach of fiduciary duty, not on the dissolution claim. Therefore, the case is one at law and the trial judge's findings will be upheld on appeal unless the findings are without evidentiary support.

The Court of Appeals improperly assessed the facts of this case based on its own view of the evidence instead of determining whether the trial court's findings lacked evidentiary support. The Court of Appeals determined, after its review of the evidence, Respondents' actions were not willful or wanton, but resulted from sloppy business practices which rendered neither party more culpable than the other. In concluding neither party was more culpable than the other, the Court of Appeals injected its own view of the facts thereby exceeding its scope of review.

■ We conclude the trial judge's award of punitive damages is supported by evidence in the record. The trial judge found the egregious conduct on the part of Dr. Jordan and Brian Jordan, including ignoring requests for financial information and meetings, using LLC monies for payment of personal debts and obligations, self-dealing, especially regarding the video poker machines, and selling or transferring LLC property without the knowledge and consent of the LLC and then pocketing the monies. The judge ruled the wrongdoing on the part of Dr. Jordan and Brian Jordan justified the award of punitive damages against each of them.

Testimony in the record supports the view of the evidence taken by the trial judge. Respondent failed to provide LLC members financial information regarding the operating expenditures of Winner's Circle. The record indicates Petitioners requested complete financial disclosure from Respondents. Wayne Livingston testified that after May 1996, Respondent refused to provide any information about the LLC to him. Dr. Holt testified that by June 1996, Respondent had excluded Petitioners from participating in the operations of the LLC and that on June 25, 1996, Brian Jordan demanded Petitioners leave the restaurant.

There is also evidence in the record Respondents used LLC monies for their own benefit. Dr. Jordan opened a Wachovia operating account for the LLC and deposited monies belonging to the LLC. Even though the funds belonged to the LLC, Respondent used the account to pay his personal interest obligations to Wachovia and BB & T.

Petitioners testified that after Dr. Jordan excluded them from management of the restaurant, Respondents installed additional video poker machines in the restaurant. The increase in machines occurred at the same time Respondents decided to operate a business know as Competition Marketing. The business operated video machines at the restaurant, but never paid rent to the LLC, nor did the LLC receive any share of profits from Competition Marketing. Petitioners also testified that Respondents misappropriated assets. When the restaurant closed in July 1997, Respondents failed to prepare a detailed inventory of the LLC property and disposed of the racing memorabilia, the satellite system, and approximately 25

to 30 televisions. Items in the gift shop were sold and the funds generated kept by Brian Jordan as partial payment for back wages.

■ Based on this evidence, the Court of Appeals ignored the directive that it must affirm the trial court's finding of punitive damages if any evidence reasonably supports the judge's factual findings. An award of punitive damages is left almost entirely to the discretion of the jury and trial judge. *Charles v. Texas Co.*, 199 S.C. 156, 18 S.E.2d 719 (1942). The rationale for vesting discretion in the trial court was expressed in *Lucht v. Youngblood*, 266 S.C. 127, 138, 221 S.E.2d 854, 860 (1976):

The fact [the trial judge] heard the evidence and was more familiar than we with the evidentiary atmosphere at trial. gives [the trial judge], we think, a better informed view than we have. This is particularly true when the elements of damage are intangibles and the appraisal depends somewhat on the observation of the [witnesses] and evaluation of their testimony.

Finally, we conclude the trial court also conducted a post-trial review of the punitive damages award using the factors outlined by this Court in *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (1991) and properly set forth its findings on the record. In *Gamble*, the Court explained the trial court should consider: (1) the defendant's degree of culpability; (2) duration of the conduct; (3) defendant's awareness or concealment; (4) the existence of similar past conduct; (5) likelihood that the award will deter the defendant or others from like conduct; (6) whether the award is reasonably related to the harm likely to result from such conduct; (7) the defendant's ability to pay; and (8) other factors deemed appropriate. *Id.* The trial court found particularly reprehensible Respondents' ouster of Petitioners from the management of the business and Respondents' constant failure to respond to Petitioners' requests for meetings and financial information. The trial court again noted Respondents' misappropriation of the LLC's assets and use of money for their own personal benefit. The trial court's findings are supported by evidence in the record. Therefore, the Court of Appeals erred in reversing the punitive damages award.

208

For the foregoing reasons, we reverse the Court of Appeals' decision and reinstate the trial judge's ruling.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.