**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Church of God and Church of God of South Carolina, Appellants,

v.

Mark Estes, Patricia Estes, Michael Timothy Brooks, Individually and as Trustee for Church of God at North Charleston Trust, Adam Boyer, Individually and as Trustee for Church of God at North Charleston, Rolando River Osorio, individually and as Trustee at Church of God at North Charleston, and North Palm Ministries, Inc., North Palm Community Church and Community First Bank and its Successor Crescom Bank, Defendants.

Of Whom Crescom Bank is the Respondent,

v.

Thomas Propes and Marc Campbell, Third-Party Defendants.

Appellate Case No. 2015-001848

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-030
Heard October 10, 2017 – Filed January 17, 2018

———————

**AFFIRMED**

---

Carol Brittain Ervin and Brian Lee Quisenberry, of
Young Clement Rivers, George J. Kefalos, of George J.
Kefalos, PA, and Oana Dobrescu Johnson, of Oana D.
Johnson, Attorney at Law, all of Charleston, for Church
of God of South Carolina; and George J. Kefalos, of
George J. Kefalos, PA, and Oana Dobrescu Johnson, of
Oana D. Johnson, Attorney at Law, both of Charleston,
for Church of God.

Charles S. Altman and Meredith L. Coker, of Altman &
Coker, LLC, and Daniel Quigley Orvin and Matthew
Tillman, of Womble Bond Dickinson (US) LLP, all of
Charleston, for Crescom Bank.

---

**PER CURIAM:**  In this action arising out of a bank loan, Church of God and
Church of God of South Carolina (collectively, Church) appeal, arguing the trial
court erred in (1) dismissing Church's claims under the voluntary payment doctrine
despite the fact that Church paid without full knowledge of the facts; (2) imposing
a two-year statute of limitations on Church's slander of title cause of action; (3)
dismissing Church's aiding and abetting cause of action where there is evidence
Crescom Bank (Bank) had knowledge of and participated in the other defendants'
breaches of fiduciary duties; (4) dismissing Church's conversion cause of action
when that claim is founded on Bank's wrongful taking of Church's cash payment;
(5) attributing the knowledge and acts of rogue agents to Church when those agents
were acting for their own purposes outside the scope of their authority; and (6)
ruling as a matter of law that Church's claims for conversion and aiding and
abetting are barred by the three year statute of limitations.  We affirm pursuant to
Rule 220(b), SCACR, and the following authorities:

1.     As to whether the trial court erred in dismissing its claims under the
voluntary payment doctrine:  *Hardaway v. S. Ry. Co.*, 90 S.C. 475, 488-89, 73 S.E.
1020, 1025 (1912) ("It is an elementary principle that no action will lie to recover
money voluntarily paid with full knowledge of all the facts" and "'without any
fraud, duress, or extortion, although no obligation to make such payment existed.'"

(quoting 30 Cyc. 1298)); *Moody v. Stem*, 214 S.C. 45, 60, 51 S.E.2d 163, 169 (1948) ("Ordinarily money voluntarily paid on a claim of right, with full knowledge of all the facts, in the absence of fraud, duress, or compulsion, cannot be recovered back merely because the aggrieved party was ignorant of the law relating to his liability."); *Hardaway*, 90 S.C. at 489, 73 S.E. at 1025 (stating when seeking to recover money paid to another, the plaintiff must allege and prove some fact or facts which show the money was paid under circumstances deemed to be involuntary).

2.      As to whether the trial court erred in imposing a two-year statute of limitations on its slander of title cause of action: *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 18, 567 S.E.2d 881, 890 (Ct. App. 2002) ("The term 'slander of title' is defined as a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, causing him injury." (quoting 50 Am. Jur. 2d *Libel & Slander* § 548 (1995))); *id.* ("Generally, an action under slander of title may only be maintained by one who possesses an estate or interest in the affected property."); *id.* at 20, 567 S.E.2d at 891 ("The case of *Huff v. Jennings*, 319 S.C. 142, 459 S.E.2d 886 (Ct. App. 1995), sets forth for the first time in South Carolina the specific elements of the common law action for slander of title."); *Huff*, 319 S.C. at 149, 459 S.E.2d at 891 ("[T]o maintain a claim for slander of title, the plaintiff must establish (1) the publication (2) with malice (3) of a false statement (4) that is derogatory to plaintiff's title and (5) causes special damages (6) as a result of diminished value of the property in the eyes of third parties."); *Jones v. City of Folly Beach*, 326 S.C. 360, 369, 483 S.E.2d 770, 775 (Ct. App. 1997) (stating the discovery rule does not apply to libel and slander cases; therefore, the cause of action accrues at the moment the plaintiff has legal right to sue on it, not when the plaintiff knew or should have known of the alleged wrongful acts); S.C. Code Ann. § 15-3-550(1) (2005) (providing a two-year statute of limitation for "an action for libel, slander, or false imprisonment."); *see also Hosey v. Cent. Bank of Birmingham, Inc.*, 528 So. 2d 843, 844 (Ala. 1988) ("While we have never determined what the statute of limitations is for an action for slander of title, we find that '[t]he view generally adopted in the jurisdictions in which the question has arisen is that in the absence of a statute expressly made applicable to such actions, the statute of limitations governing actions for libel and slander is applicable to actions for slander of title.'" (quoting 50 Am. Jur. 2d *Libel and Slander* § 553 (1970))); *id.* ("[I]n *Old Plantation Corp. v. Maule Industries, Inc.*, 68 So. 2d 180, 182 (Fla. 1953), the Supreme Court of Florida wrote, 'While there is authority to the contrary . . . , we conclude that the great weight of authority in this [c]ountry is that the [s]tatute of [l]imitations applicable to libel and slander is equally applicable to actions for slander of title.'"); 50 Am. Jur. 2d *Libel*

*and Slander* § 529 (2017) ("In the absence of a statute expressly referring to actions for slander of title, the statute of limitations applicable to actions for libel and slander often applies to actions for slander of title.").

3.      As to whether the trial court erred in dismissing its aiding and abetting cause of action:  *Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 204, 662 S.E.2d 444, 448 (2008) ("The elements for a cause of action of aiding and abetting a breach of fiduciary duty are: (1) a breach of a fiduciary duty owed to the plaintiff; (2) the defendant's knowing participation in the breach; and (3) damages."); *Future Group, II v. Nationsbank*, 324 S.C. 89, 99, 478 S.E.2d 45, 50 (1996) ("The gravamen of the claim is the defendant's knowing participation in the fiduciary's breach.").

4.      As to whether the trial court erred in dismissing Church's conversion cause of action:  *Mullis v. Trident Emergency Physicians*, 351 S.C. 503, 506-07, 570 S.E.2d 549, 550 (Ct. App. 2002) ("'Conversion' is defined as the unauthorized assumption and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner."); *id.* at 507, 570 S.E.2d at 551 ("Money . . . may be the subject of conversion if 'it is capable of being identified and there may be conversion of determinate sums even though the specific coins and bills are not identified.'" (quoting *SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 498, 392 S.E.2d 789, 792 (1990))); *Oxford Fin. Cos. v. Burgess*, 303 S.C. 534, 539, 402 S.E.2d 480, 482 (1991) ("In order to prevail in a conversion action, the plaintiff must prove either title or right to possession of the property at the time of the conversion."); *Owens v. Andrews Bank & Tr. Co.*, 265 S.C. 490, 497, 220 S.E.2d 116, 119 (1975) ("[T]here can be no conversion where there is a mere obligation to pay a debt[;]" "[t]hus, where there is merely the relationship of debtor and creditor, an action based on conversion of the funds representing the debt is improper.").

5.      As to whether the trial court erred in attributing the knowledge and acts of agents, including the attorney who closed the bank loans, to Church:  *Spence v. Spence*, 368 S.C. 106, 126, 628 S.E.2d 869, 879 (2006) ("The doctrine of apparent authority provides that the principal is bound by the acts of his agent when he has placed the agent in such a position that persons of ordinary prudence, reasonably knowledgeable with business usages and customs, are led to believe the agent has certain authority and they in turn deal with the agent based on that assumption.  A principal may be held liable to a third person in a civil lawsuit for the fraud, deceit, concealment, misrepresentation, negligence, and other omissions of duty of his agent which occur in the scope of the agent's employment, even when the principal

did not authorize, participate in, or know of such misconduct or even when the principal forbade or disapproved of the act in question." (citations omitted)); *Koutsogiannis v. BB&T*, 365 S.C. 145, 149, 616 S.E.2d 425, 428 (2005) ("In the attorney-client relationship, clients are generally bound by their attorneys' acts or omissions during the course of the legal representation that fall within the apparent scope of their attorneys' authority.").

6.      As to whether the trial court erred in ruling as a matter of law that Church's claims for conversion and aiding and abetting are barred by the three-year statute of limitations:  S.C. Code Ann. § 15-3-20 (2005) (providing the statute of limitations starts to run when the "cause of action shall have accrued"); *Brown v. Sandwood Dev. Corp.*, 277 S.C. 581, 583, 291 S.E.2d 375, 376 (1982) (adopting the "discovery rule" to determine when a cause of action accrues); *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996) ("According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered," and "[t]he statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct."); *Dorman v. Campbell*, 331 S.C. 179, 184, 500 S.E.2d 786, 789 (Ct. App. 1998) ("The statute of limitations begins to run from this point, and not when advice of counsel is sought or a full-blown theory of recovery developed."); *Dean v. Ruscon Corp.*, 321 S.C. 360, 363-64, 468 S.E.2d 645, 647 (1996) ("We have interpreted the 'exercise of reasonable diligence' to mean that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist." (quoting *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981))); *Dorman*, 331 S.C. at 185, 500 S.E.2d at 789 ("[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial.").

**AFFIRMED.**

**SHORT, KONDUROS and GEATHERS, JJ., concur.**