**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

EPS Advisors, LLC, Respondent/Appellant,

v.

Jan Fredman and Clemson-EPS Advisors, LLC, Appellants/Respondents.

Appellate Case No. 2017-002347

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

Unpublished Opinion No. 2021-UP-285
Submitted May 1, 2020 – Filed July 21, 2021

**AFFIRMED**

Larry C. Brandt, of Larry C. Brandt, P.A., of Walhalla, for Appellant/Respondent.

Candy M. Kern, of Upstate Law Group, of Anderson, and Peter Rutledge, of Smith Moore Leatherwood, LLP, of Greenville, both for Respondent/Appellant.

**PER CURIAM:** In this cross-appeal from a bench trial, all of the parties challenge the trial court's order finding in favor of EPS Advisors, LLC (EPS) on its conversion claim and awarding it $6,300 for furniture Jan Fredman retained,

$25,444.25 in damages for fees Fredman and Clemson-EPS Advisors, LLC (collectively, Fredman) converted and $20,000 in punitive damages. We affirm.

1. Fredman argues the trial court erred in awarding EPS damages in the amount of $15,802.97 plus prejudgment interest in the amount of $9,641.38 for a total of $25,444.25 for the fees he converted from Charles Schwab & Company (Schwab) because Fredman paid EPS all money to which it had a claim in April, 2010. As evidence supports the trial court's damages award, we find no reversible error. *See Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial judge has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* ("Because of this discretion, our review on appeal is limited to the correction of errors of law."); *id.* at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award."); *Mullis v. Trident Emergency Physicians*, 351 S.C. 503, 506-07, 570 S.E.2d 549, 550 (Ct. App. 2002) ("'Conversion' is defined as the unauthorized assumption and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner."); *Alderman v. Cooper*, 257 S.C. 304, 310, 185 S.E.2d 809, 811 (1971) (stating that upon the conversion of property, a cause of action for its value arises in the plaintiff's favor, which cannot be defeated by the tender of a return of the property); *Restatement (Second) of Torts* § 922 cmt. h. (1979) ("The privilege of mitigation of the damages by return of the chattel is equitable in its nature. When the privilege is granted, there is specific relief, such as is commonly afforded by equity. The privilege is not a matter of absolute right but lies within the discretion of the trial court in the light of all of the circumstances of the case."); *James v. Lister*, 331 S.C. 277, 283, 500 S.E.2d 198, 201 (Ct. App. 1998) (stating South Carolina case law requires "pleading matters [that] may prejudice the opposing party by introducing issues [that] may affect the proof at trial"); Rule 8(c), SCRCP (requiring a party to set forth affirmatively the listed defenses "and any other matter constituting an avoidance or affirmative defense"); *Plyler v. Burns*, 373 S.C. 637, 648, 647 S.E.2d 188, 194 (2007) ("Generally, 'a failure to plead an affirmative defense is deemed a waiver of the right to assert it.'" (quoting *Whitehead v. State*, 352 S.C. 215, 220, 574 S.E.2d 200, 202 (2002))); *id.* (stating "the aim of this pleading requirement is to avoid surprise defenses"); *Studley v. Boylston Nat'l Bank of Boston*, 229 U.S. 523, 528 (1913) ("[A] set-off is a counterclaim which the defendant may interpose by way of cross-action against the plaintiff. . . . [B]roadly speaking, it represents the right which one party has against another to use his claim in full or partial satisfaction of what he owes to the other."); *First Nat'l Bank*

*of Louisville v. Master Auto Serv. Corp.*, 693 F.2d 308, 310 n.1 (4th Cir. 1982) ("A set-off is a counterclaim arising from an independent claim the defendant has against the plaintiff. Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim."); *Brasington Tile Co. v. Worley*, 327 S.C. 280, 286, 491 S.E.2d 244, 247 (1997) (stating a setoff "becomes part of a single controversy between the parties, requiring *only one verdict and one judgment* according to the facts (quoting 20 Am.Jur.2d *Counterclaim, Recoupment, & Setoff* § 88 (1995))); *Consignment Sales, LLC v. Tucker Oil Co.*, 391 S.C. 266, 272, 705 S.E.2d 73, 76-77 (Ct. App. 2010) (stating an accounting is an equitable action that "implies the defendant is responsible to the plaintiff for money or property as the result of a contract or some other fiduciary relationship.").

In the present case, Fredman acknowledged he converted the fees from Schwab that should have been paid directly to EPS. He sought to set off money he asserted EPS owed him and a payment he claims he made to David Dameron, one of the managing members of EPS. We find Fredman's reliance on *Broome v. Watts*, 319 S.C. 337, 461 S.E.2d 46 (1995) misplaced. In *Broome*, the supreme court affirmed the set off of a settlement from liability insurance in an underinsured motorist case when set off was not pled as an affirmative defense. *Id.* at 342, 461 S.E.2d at 49. The court noted Rule 8(c) does not list set off as an affirmative defense and it did not fall within Rule 8(c)'s catchall because "[s]et off was statutorily mandated, *was not a matter properly triable to a jury*, and therefore was not a matter constituting an affirmative defense which [the insurer] was under a duty to plead and prove." *Id.* (emphasis added). The set off Fredman sought in the present case is distinguishable. The trial court would have needed to perform an accounting in order to determine the amount EPS allegedly owed Fredman from the last quarter of 2009 and if EPS had received funds from the first quarter of 2009 that should have been disbursed to Fredman. Fredman's claims are an "avoidance" of his liability to EPS for his admitted conversion and/or matters constituting counterclaims. These claims would have affected the proof at trial. Thus, EPS was entitled to notice and the opportunity to demonstrate why Fredman's claims should not succeed. Fredman was required to plead or otherwise raise these claims in a timely manner. Accordingly, we hold the trial court did not err in awarding EPS actual damages in the amount of $15,802.87 plus interest for the converted fees.

2. EPS argues the trial court erred in setting off the funds converted by Fredman's eighty-five percent share of the earned fees. We disagree. Fredman clearly raised

in his answer his assertion EPS only had an interest in fifteen percent of the fees as provided by the parties' agreement.

3.  We find unpreserved EPS's argument Fredman was not entitled to any compensation for services during the first quarter of 2010 as he engaged in activities that constituted a breach of the duty of loyalty.  The trial court failed to address this argument, and EPS did not file a motion to alter or amend.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (noting a party must file a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure "when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review").

4.  We disagree with Fredman's argument the trial court erred in awarding EPS $6,300.00 for the personal property converted.  *See Austin*, 358 S.C. at 310, 594 S.E.2d at 873 ("The trial judge has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award.").  Although Fredman could not have returned the property directly to EPS's office due to the trespass notice, he could have contacted EPS's attorney as EPS directed him to do and made arrangements for the return of the property.  Accordingly, we believe the trial court did not err in holding Fredman converted the furniture and equipment.  In addition, we find the trial court's valuation in the amount of $6300.00 was within the range of the evidence presented at trial.

5.  We disagree with Fredman's argument the trial court erred in awarding punitive damages.  *See Jordan v. Holt*, 362 S.C. 201, 207, 608 S.E.2d 129, 132 (2005) ("An award of punitive damages is left almost entirely to the discretion of the jury and trial judge."); *id.* (stating the appellate court "must affirm the trial court's finding of punitive damages if any evidence reasonably supports the judge's factual findings").

6.  We also disagree with EPS's argument the trial court erred in reducing the amount of punitive damages from $35,000 to $20,000.  *See id.* ("An award of punitive damages is left almost entirely to the discretion of the jury and trial judge."); *id.* (stating the appellate court "must affirm the trial court's finding of

punitive damages if any evidence reasonably supports the judge's factual findings").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.