775 So.2d 127 (2000)
Michael William LOVE
v.
Gwendean JOHNSON.
1981194.
Supreme Court of Alabama.
March 24, 2000.
Opinion on Return to Remand June 23, 2000.
Thomas M. Galloway, Jr., of Galloway, Smith, Wettermark & Everest, L.L.P., Mobile, for appellant.
Willie J. Huntley, Jr., of the Huntley Firm, Mobile, for appellee.
MADDOX, Justice.
This wrongful-death case arose out of an automobile accident. The trial court entered a judgment based on a jury verdict for the plaintiff, awarding $150,000 in damages plus costs. The defendant filed a motion asking the trial court to order a remittitur of the award. The trial court did not rule on that motion and it was denied by operation of law. Rule 59.1, Ala. R. Civ. P.
The defendant correctly argues that the trial judge erred in allowing the motion for a remittitur, a motion challenging the jury's award as excessive, to be denied without providing a statement of the reasons for denial. We remand this case for the trial court to enter an order stating the reasons supporting its denial of the motion for a remittitur. See Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). In Hammond, this Court required that a trial court "reflect in the record the reasons for interfering with a jury verdict, or refusing to do so, on the grounds of excessiveness of the damages." 493 So.2d at 1379; see also ALFA Mut. Ins. Co. v. Brewton, 554 So.2d 953 (Ala.1989). In Hammond, this Court stated the reason for the requirement:

*128 "[T]he trial judge is better positioned to decide whether the verdict is ... flawed [as excessive]. He has the advantage of observing all of the parties to the trial plaintiff and defendant and their respective attorneys, as well as the jury and its reaction to all of the others. There are many facets of a trial that can never be captured in a record, so that the appellate courts are at a special disadvantage when they are called upon to review [a] trial [court's] action in this sensitive area...."
493 So.2d at 1378-79.
On remand, the trial court is directed to enter an order in compliance with Hammond, and to file a return with this Court within 56 days after the release of this opinion.
We express no view at this time on the substantive issue whether the defendant was entitled to a remittitur, and our remand should not be construed by the trial court or the parties as any expression of our views on that issue.
When the trial court files its return in this Court, the appellant will be given 14 days to file a brief to argue his positions; the appellee will then have 7 days in which to respond. Following the filing of the appellee's brief, the appellant will then be given 7 days to file a reply brief.
REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and COOK, LYONS, and JOHNSTONE, JJ., concur.

On Return to Remand
MADDOX, Justice.
On March 24, 2000, we remanded this case for the trial court to enter an order stating its reasons for denying the defendant's motion for a remittitur. The trial court has entered the order. That order complies with our instructions, and we affirm the trial court's judgment.
AFFIRMED.
HOOPER, C.J., and COOK, LYONS, and JOHNSTONE, JJ., concur.